IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Delisa Ross | ) | |
| | ) | |
| Plaintiff, | ) | 04 C 6557 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| RJM Acquisitions Funding, LLC, a | ) | Magistrate Geraldine Soat Brown |
| Delaware limited liability company, | ) | |
| | ) | |
| Defendant. | ) | |

**Response to Plaintiff's Objections to Defendant's Bill of Costs**

Defendant RJM Acquisitions Funding LLC ("RJM") by its attorneys responds to the objections filed by Plaintiff Delisa Ross ("Plaintiff ") to RJM's Bill of Costs and states:

RJM is entitled to the costs stated in its Itemized Bill of Costs because the costs meet the requirements of the law and were reasonably necessary for the case. Plaintiff objects to two items: (a) costs for court reporting services provided by Jensen Reporting dated November 3, 2005 in the amount of $534.40 for the deposition of Ross and (b) costs for reporting services of Pamela Warren dated March 31, 2005 in the amount of $88.00 for a transcript of court proceedings on March 24, 2005.

28 U.S.C. §1920 permits costs to be paid to a prevailing party for fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case. *See* 28 U.S.C. §1920. Under 7th Circuit law, "Costs are recoverable if they are authorized by statute and are both reasonable and necessary to the litigation." *Petersen v. Officer Gibson, et al.*, 2005 U.S. Dist. LEXIS 21364 at *17 (citing to *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000)).

1

The standard for determining whether deposition costs are necessary to the litigation requires examination of the facts at the time the deposition was taken. "The determination of necessity under 28 U.S.C. §1920, the principal statute governing recoverable costs in federal court, must be made in light of the facts known at the time of the deposition, without regard to intervening developments that render the deposition unneeded for further use." *Mother and Father, et al. v. Cassidy, et al.*, 338 F.3d 704, 712 (7th Cir. 2003); see also *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985). Based on the facts known to it at the time of the deposition, RJM needed to depose Plaintiff.

On June 21, 2005, Plaintiff filed her Motion for Summary Judgment and attached Plaintiff's affidavit as Exhibit A and cited to her affidavit multiple times in her Rule 56.1 Statement of Material Facts. *See* Dckt. No. 24. This was the first time in the lawsuit Plaintiff provided an affidavit. In her affidavit, Plaintiff made representations regarding material facts at issue in this lawsuit, including claims regarding her name, bankruptcy petition, and damages she claimed to have suffered. After Plaintiff made these material representations and relied on them in her Motion for Summary Judgment and Statement of Material Facts, it was necessary and entirely reasonable for RJM to depose Plaintiff to discover whether Plaintiff had any additional knowledge of material facts affecting the lawsuit, to determine whether Plaintiff actually suffered damages, and to quantify and qualify those damages, if any. These purposes are reasonable and Plaintiff's deposition was necessary to discover this material information in the lawsuit.

The law does <u>not</u> require that RJM use Plaintiff's deposition testimony in its Motion for Summary Judgment or its response to Plaintiff's Motion for Summary Judgment in order to claim the costs of the deposition. In fact, so long as depositions are not frivolous, they are

legitimate costs even if they are not used. See *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981). The Court of Appeals for the Seventh Circuit spelled this out further in *Sangamo*:

"It is well established that "(t)he charges of the court reporter for transcripts of the trial and of depositions reasonably necessary for use in the case even though not used at trial are recoverable upon a proper showing as provided in 28 U.S.C. §1924 [citations omitted] Similarly, the expenses of discovery depositions shown to be reasonably necessary to the case are recoverable even if the depositions are not used as evidence at trial." *State of Illinois v. Sangamo Construction Co.*, 657 F.2d 855, 867 (7th Cir. 1981).

Even when a case is disposed of on summary judgment, deposition costs are awarded for necessary use in the case. "Finally, the fact that a court disposes of a case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985). RJM determined it was necessary to depose Plaintiff based on the facts available at the time of the deposition. Not only was the taking of Plaintiff's deposition not frivolous, RJM would have been remiss if it had not taken Plaintiff's deposition when presented with Plaintiff's affidavit containing material facts concerning critical issues in the lawsuit. Therefore, Plaintiff's deposition was necessary to this litigation and the costs for it should be paid to RJM.

RJM should also receive costs for the transcript of court proceedings for March 24, 2005 ("Transcript") because the transcript was necessary for the litigation. The same "necessity" standard for costs of depositions applies to costs of transcripts:

"While the determination of necessity must be made in light of the facts known when the transcript was requested, the introduction of testimony from a transcript is not a prerequisite for finding that it was necessary. [citations omitted] And, although "courts may not tax the costs of transcripts…provided merely for the convenience of the requesting attorney," [citations omitted], a transcript need not be "absolutely indispensable in order to provide the basis of an award of costs."" *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000).

RJM ordered the Transcript because, based on the facts known to it at the time, RJM determined that ordering the transcript was necessary. At the March 24, 2005 hearing ("Hearing"), Plaintiff presented her Motion to Compel in response to Plaintiff's and RJM's contentious discovery exchanges. At the Hearing, Plaintiff's counsel, RJM's counsel, and the Court engaged in a lengthy discussion regarding important discovery compliance issues, settlement possibilities, and RJM's *bona fide* error defense. *See* Dckt. No. 24, Exhibit F. Plaintiff's counsel repeatedly demanded documents that RJM did not have and threatened to engage in extensive and expensive forensic electronic discovery. RJM's counsel affirmed in open court that RJM had produced all documents available to it regarding this lawsuit and Plaintiff's counsel withdrew her Motion to Compel.

After the Hearing, Plaintiff repeatedly demanded documents from RJM despite RJM's affirmation at the Hearing that it had completely complied with all discovery demands. RJM ordered the Transcript to refer to in responding to Plaintiff's on-going demands for discovery, in responding to Plaintiff's threatened demand for expensive forensic electronic discovery, and for use in the event discovery compliance issues were raised during the remainder of the litigation or during trial. RJM actually relied on the Transcript as a record of the affirmation that RJM had produced all documents to Plaintiff in responding to Plaintiff's Motion for Summary Judgment.

Plaintiff repeatedly demanded documents after the Hearing and prior to filing her Motion for Summary Judgment and raised the issue of discovery compliance in her Motion for Summary Judgment, quoted the Transcript in her Statement of Material Facts (*see* Dckt. No. 24, Exhibit 1, ¶¶16-19), and argued exhaustively at oral arguments for the cross motions for summary judgment that RJM was withholding documents despite RJM's counsel's affirmation at the Hearing that all documents had been produced. Plaintiff even admits in her Objection to the Bill

of Costs that she used the Transcript in her Motion for Summary Judgment. *See* Dckt. No. 68, page 2, ¶5. Plaintiff's repeated demands on this discovery issue made it entirely necessary for RJM to have a copy of the transcript of the Hearing so it could adequately defend itself against Plaintiff's baseless demands. Therefore, RJM should be awarded costs for the Transcript.

Moreover, Plaintiff has not presented sufficient evidence to show that RJM should not be awarded the costs of the Transcript and of Plaintiff's deposition. To do so, Plaintiff must prove that RJM performed an action worthy of penalty:

"Federal Rule of Civil Procedure 54 creates a presumption that the prevailing party receives costs and that, to rebut this presumption, the losing party demonstrates something more than his good faith conduct in the litigation. In general, to overcome the presumption in favor of a grant of costs, the losing party demonstrated that there is some fault, misconduct, default, or action worthy of penalty on the party of the prevailing side." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1985).

Plaintiff has not provided any proof or even suggested that RJM acted such that it should be penalized and, therefore, has not overcome the presumption that RJM should be awarded costs for Plaintiff's deposition and the Transcript. RJM should be awarded its costs for both the Transcript and Plaintiff's deposition, as both were reasonably necessary for the litigation based on the facts at the time.

WHEREFORE, Defendant RJM Acquisitions Funding LLC respectfully requests this Court award all costs stated in its Bill of Costs without further delay and for any other relief this Court deems just.

Respectfully submitted,

RJM ACQUISITIONS FUNDING LLC

/s/ Amy R. Jonker
Attorney for Defendant
Messer & Stilp, Ltd.
166 W Washington, Suite 300
Chicago, IL  60602

5

        Phone: 312-334-FIRM (3476)
        Fax: 312-334-3404
        jonker@messerstilp.com

CERTIFICATE OF SERVICE BY ELECTRONIC FILING

I, the undersigned, on oath state that I caused a true and correct copy of the attached Motion for Sanctions to be served on the United States District Court for the Northern District of Illinois for Case No. 04 C 6557, for the matter *Delisa Ross v. RJM Acquisitions Funding LLC* by electronically filing a copy before the hour of 12:00 a.m. on May 1, 2006.

        /s/ Amy R. Jonker
        Attorney for Defendant
        Messer & Stilp, Ltd.
        166 W Washington, Suite 300
        Chicago, IL  60602
        Phone: 312-334-FIRM (3476)
        Fax: 312-334-3404
        jonker@messerstilp.com

Service List:

David J. Philips
Mary E. Philips
GOMOLINSKI & PHILIPS, LTD
9760 South Roberts Road, Ste. 1
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (Fax)
davephilipps@aol.com
mephilipps@aol.com